Opinion issued January 17, 2008









 

Opinion issued January 17,
2008

 

 

 

 













 

     

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00747-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CRUZ TORRES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1041579

 








 



MEMORANDUM OPINION

 

Appellant, Cruz Torres, pleaded guilty
to the offense of aggravated robbery and elected to have the jury decide his
punishment.  After finding true that Torres had previously committed burglary
of a habitation, as alleged in the enhancement paragraph of the indictment, the
jury assessed punishment at 60 years’ confinement.  Tex. Pen. Code Ann. § 29.03 (Vernon 2003).  Torres’s court-appointed counsel on appeal has filed a motion to
withdraw along with a brief stating her professional opinion that the appeal is
without merit and that there are no arguable grounds for reversal.  See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  Torres
responded pro se.  In five issues, Torres contends (1) the trial judge failed
to take his oath of office, thus rendering the proceedings void; (2) the trial
court erred in allowing biased panel members to sit on the jury; (3) the
prosecutor engaged in misconduct by pointing out to the jury Torres’s failure
to testify; (4) the evidence was legally insufficient to support the
conviction; and (5) his appellate counsel was ineffective.  We have reviewed
the record and, having found no reversible error, we grant counsel’s motion to
withdraw and affirm Torres’s conviction.  

Background

On September 14, 2005,
while Houston was in the throes of the Hurricane Katrina evacuation, Chaz
Hubbard and John Pacheco were driving around looking for an open restaurant or
convenience store where they could buy some gasoline and food.  Hubbard, who
was driving, pulled into a gas station parking lot, but discovered that the
station was closed.  Hubbard began to back the car out of the lot, but stopped
when he saw Torres approach.  Torres pulled out a gun and demanded that Hubbard
and Pacheco give him their wallets and leave the keys in the car.  Hubbard and
Pacheco hurried out of the car, and complied with Torres’s demands.  Torres
sped off in the car.  Hubbard and Pacheco managed to flag down a police officer
to report the crime, and a short time later, the police found Torres in the car
with the gun and the money, and arrested him.  

After the jury was
seated, Torres appeared for his arraignment.  Without prior notice to defense
counsel, the prosecutor, or the court, Torres pleaded guilty to the offense as
charged in the indictment.  Then, the court informed the jury of the
consequences of Torres’s guilty plea and embarked on the punishment phase of
the trial.  

Torres pleaded not true
to the enhancement paragraph of the indictment.  After the State presented
evidence concerning Torres’s prior felony conviction for burglary of a
habitation and other punishment phase evidence, the jury assessed its
sentence.  The trial court signed the judgment, and this appeal timely followed. 





Anders Procedure

 

The brief submitted by Torres’s
court-appointed counsel states her professional opinion that there are no
arguable grounds for reversal on appeal and that any appeal would, therefore,
lack merit.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  Counsel’s
brief meets the minimum Anders requirements by presenting a professional
evaluation of the record and stating why there are no arguable grounds for
reversal on appeal.  See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Counsel sent a copy of the brief to Torres, requested permission to
withdraw from the case, and notified Torres of his right to review the record
and file a pro se response.  

          When we receive
an Anders brief from a defendant’s court-appointed attorney who asserts
that no arguable grounds for appeal exist, we must determine that issue
independently by conducting our own review of the entire record.  See Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is
“wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim.
App. 1991).  We also consider any pro se response that the defendant files to
his appointed counsel’s Anders brief.  See Bledsoe v. State, 178
S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 

Thus, our role in this Anders
appeal, which consists of reviewing the entire record while remaining mindful
of the defendant’s pro se contentions, is limited to determining whether
arguable grounds for appeal exist.  See id. at 827.  If we determine
that arguable grounds for appeal exist, we abate the appeal and remand the case
to the trial court to allow the court-appointed attorney to withdraw.  See
id.  Then, the trial court either appoints another attorney to present all
arguable grounds for appeal or, if the defendant wishes, allows the defendant
to proceed pro se.  See id.  We do not rule on the ultimate merits of
the issues raised by Torres in his pro se response.  If we determine that arguable
grounds for appeal do exist, Torres is entitled to have new counsel address the
merits of the issues raised.  See id.  “Only after the issues have been
briefed by new counsel may [we] address the merits of the issues raised.”  Id.  

On the other hand, if our
independent review of the record leads us to conclude that the appeal is wholly
frivolous, we may affirm the trial court’s judgment by issuing an opinion in
which we explain that we have reviewed the record and find no reversible
error.  See id. at 826–28.  Torres may challenge the holding that there
are no arguable grounds for appeal by petitioning for discretionary review in
the Court of Criminal Appeals.  Id. at 827 & n.6.  

Following Anders
and Bledsoe, we have reviewed the record, Torres’s appointed counsel’s Anders
brief, and Torres’s pro se response to that brief and conclude that no
reversible error exists.  Consequently, we affirm the judgment of the trial
court and grant Torres’s appointed counsel’s motion to withdraw.[1] 


Conclusion

We affirm the judgment of
the trial court and grant appointed counsel’s motion to withdraw.  

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  Tex. R. App. P. 47.2(b)









[1] Appointed counsel still has a duty to inform appellant of the result of
this appeal, send appellant a copy of this opinion and judgment, and notify
appellant that he may, on his own, pursue discretionary review in the Court of
Criminal Appeals.  Tex. R. App. P.
48.4; see also Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App.
2005); Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens
v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no
pet.).